[Cite as *State ex rel. Keith v. Gaul*, 2015-Ohio-3480.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102875**

# STATE OF OHIO, EX REL.
# JEFFREY C. KEITH

RELATOR

vs.

# JUDGE DANIEL GAUL

RESPONDENT

**JUDGMENT:**
WRIT DENIED

Writ of Mandamus
Motion No. 485372
Order No. 488173

**RELEASE DATE:** August 25, 2015

**FOR RELATOR**

Jeffrey C. Keith
Inmate No. 334054
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43301

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    James E. Moss
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Jeffrey C. Keith has filed a complaint for a writ of mandamus. Keith seeks an order from this court that requires Judge Daniel Gaul to render a ruling with regard to a "motion for leave to file a delayed motion for new trial" filed in *State v. Keith*, Cuyahoga C.P. No. CR-94-316724-ZA on January 15, 2002. For the following reasons, we grant the motion for summary judgment filed by Judge Gaul and deny the request for a writ of mandamus.

**{¶2}** The following facts and procedural history are gleaned from a recent opinion rendered by this court in *State v. Keith*, 8th Dist. Cuyahoga Nos. 102106, 102107, and 102108, 2015-Ohio-5346:

> In 1995, Keith was convicted in Cuyahoga C.P. No. CR-94-316724 on five counts of arson and one count of grand theft of a motor vehicle. He was sentenced to a prison term of 15 to 25 years by Judge Daniel Gaul ("Case I"). We affirmed the convictions in *State v. Keith*, 8th Dist. Cuyahoga No. 69267, 1997 Ohio App. LEXIS 914 (Mar. 13, 1997) ("Keith I").
>
> In 1997, in Cuyahoga C.P. No. CR-96-333972, Judge Joseph Cirigliano sentenced Keith for his convictions on one count each of Medicaid fraud, securing writings by deception, forgery, and uttering a forged instrument and on three counts of theft to a prison term of 10½ years, to run consecutively with the sentence in Case I ("Case II"). We affirmed the convictions in *State v. Keith*, 8th Dist. Cuyahoga No. 72275, 1998 Ohio App. LEXIS 4990 (Oct. 22, 1998) ("Keith II").
>
> In 1999, Judge Cirigliano also sentenced Keith to a prison term of five years in Cuyahoga C.P. No. 97-CR-350831-ZA for Keith's convictions on one count of forgery, two counts of uttering a forged instrument, one count of attempted aggravated theft, one count of tampering with evidence, and one count of grand theft ("Case III"). We affirmed his convictions and

sentences in *State v. Keith*, 8th Dist. Cuyahoga Nos. 76469, 76479, 76610, 2000 Ohio App. LEXIS 3757 (Aug. 17, 2000) ("Keith III").

In *State v. Keith*, 8th Dist. Cuyahoga No. 81125, 2002-Ohio-7250 ("Keith IV"), Keith appealed the trial court's March 2002 judgment entry [**3] signed by Judge Cirigliano that denied Keith's motion for a new trial in Case I.

Our review of the record in Keith IV revealed that, during the time that the direct appeal in Case I was pending, the trial court erroneously issued a May 1996 entry indicating that Judge Cirigliano, who presided over Cases II and III, had been appointed by the Ohio Supreme Court to preside over Case I, which was being handled by Judge Gaul. In fact, however, there was no entry in the record of such an order by the Ohio Supreme Court.

The trial court journalized a corrective entry on November 1, 1996, that explained that Case I, "should not have been assigned to Judge Cirigliano," because that case had been heard and disposed of by Judge Gaul. Because the original entry was void, and no appeal may be taken from a void judgment, this court dismissed the appeal. Keith IV at ¶ 8.

Keith also filed appeals from the trial court's September 2002 journal entries that denied his motions for a delayed new trial in Cases II and III. Those appeals were dismissed at Keith's request. *State v. Keith*, 8th Dist. Cuyahoga Nos. 81874, 81875 ("Keith V").

After this court's decision in Keith IV, Keith filed a series of motions over the next 12 years; he sought to have his convictions vacated in the cases as void and requested new trials. Keith's motions were based on his claims that the trial court lacked authority over his cases. On the same basis, Keith also requested multiple writs of mandamus and launched a series of collateral attacks to have the convictions vacated or declared void.

In August 2005, Keith appealed the denial of his motion to correct the record and void the convictions in the cases, and requested that this court recuse itself. That appeal was dismissed, sua sponte, pursuant to R.C. 2505.02 and App.R. 4(A). *State v. Keith*, 8th Dist. Cuyahoga Nos. 86874, 86875, 86876 ("Keith VI").

In 2008, Keith filed appeals of the trial court's denial of his motions challenging the trial court's subject matter jurisdiction; once again, he sought to have his convictions vacated for lack of judicial authority. In *State*

*v. Keith*, 8th Dist. Cuyahoga No. 92020, 92021, and 92022 ("Keith VII"), this court dismissed App. Nos. 92020 and 92022 sua sponte pursuant to the doctrine of res judicata, and declared the appeal in App. No. 92021 moot.

In 2009, Keith filed appeals of the trial court's denial of his motions to have a judge appointed to vacate his convictions. While those appeals were pending, Keith filed a "motion to dismiss as moot," based on the assertion that the judgments were void. This court treated his motions as motions to voluntarily dismiss his appeals and granted them. *State v. Keith*, 8th Dist. Cuyahoga Nos. 93017, 93018, and 93019 ("Keith VIII").

In 2014, Keith petitioned this court for a writ of mandamus to direct Cuyahoga County Common Pleas Court Judge Joseph D. Russo to grant Keith's motions, which he filed in his cases in 2008 to vacate void judgments. Because Judge Russo denied Keith's motions on October 8, 2014, this court declared Keith's petitions moot. *State ex rel. Keith v. Russo*, 8th Dist. Cuyahoga No. 101901, 2014-Ohio-5346 ("Keith IX").

In the instant appeals, Keith now challenges Judge Russo's denials of the motions to vacate void judgments that were the subject of Keith's petitions for mandamus in Keith IX. In his assignments of error, Keith asserts that "Presiding Judge Joseph Russo abused his discretion by not granting appellant's motions to vacate the void judgments."

*Id.* at ¶ 3.

{¶3} In addition to the aforesaid facts and procedural history, a review of the docket in CR-94-316724-ZA demonstrates that Keith's criminal case was reassigned and transferred to Judge Joseph D. Russo on October 17, 2006. Further review of the docket demonstrates that Keith filed a subsequent "motion challenging subject matter jurisdiction and leave to file delayed motion for new trial and motion for new trial" on April 30, 2008. On August 13, 2008, Judge Russo denied Keith's subsequent "motion for leave to file delayed motion for new trial and motion for new trial."

{¶4} Herein, Keith's attempt to obtain a writ of mandamus, in order to obtain a ruling with regard to the motion for delayed new trial filed on January 1, 2002, is prevented by the legal doctrines of a vain act and law of the case.

{¶5} Initially, we find that the granting of a writ of mandamus, to require a ruling with regard to a "motion for leave to file a delayed motion for new trial" filed in *State v. Keith*, Cuyahoga C.P. No. CR-94-316724-ZA on January 15, 2002, would constitute a vain act. Mandamus will not issue to compel a vain act. *State ex rel. Julnes v. S. Euclid City Council*, 130 Ohio St.3d 6, 2011-Ohio-4485, 955 N.E.2d 363; *State ex rel. Moore v. Malone*, 96 Ohio St.3d 417, 2002-Ohio-4821, 775 N.E.2d 812.

{¶6} The "motion for leave to file a delayed motion for new trial" filed in *State v. Keith*, Cuyahoga C.P. No. CR-94-316724-ZA on January 15, 2002, is premised, *inter alia*, upon the claims of newly discovered evidence: 1) the confession of Ted Snyder to the offenses committed by Keith; 2) news investigations conducted by a local television station; 3) the withholding and concealment of exculpatory evidence; 4) the actions of government agent provocateurs; 5) the confession of government agent Robert Winlock; and 6) the statements of government agent Andrew Haines. No ruling, rendered by a properly assigned judge of the Cuyahoga County Court of Common Pleas, has been journalized with regard to the motion of January 15, 2002.

{¶7} However, on April 30, 2008, Keith filed another motion for "leave to file delayed motion for new trial and motion for new trial." The motion of

April 30, 2008, is identical to the motion of January 15, 2002, based upon the claim of newly discovered evidence vis-a-vis the confession of Ted Snyder, news investigations conducted by a local television station, the withholding and concealment of exculpatory evidence, the actions of government agent provocateurs, the confession of Robert Winlock, and the statements of Andrew Haines. On August 13, 2008, Judge Russo denied the "motion for leave to file delayed motion for new trial and motion for new trial." Herein, Judge Russo has already examined the basis for Keith's motion for leave to file delayed motion for new trial filed on January 15, 2002, through a review and denial of the motion for leave to file delayed motion for new trial of April 30, 2008. Because the two motions for leave to file a delayed motion for new trial are identical, and the fact that a ruling has already been rendered with regard to the April 30, 2008 motion for leave to file delayed motion for new trial, we find that requiring a ruling with regard to the motion of January 15, 2002, would constitute a vain act. *State ex rel. Pallone v. Ohio Court of Claims*, Slip Opinion No. 2015-Ohio-2003; *State ex rel. Bona v. Orange*, 85 Ohio St.3d 18, 1999-Ohio-431, 706 N.E.2d 771; *Thomas v. Ghee*, 81 Ohio St.3d 191, 1998-Ohio-461, 690 N.E.2d 6.

{¶8} In addition, we find that the doctrine of law of the case prevents this court from issuing a writ of mandamus on behalf of Keith. The law of the case doctrine is grounded in principles of res judicata and issue preclusion. *State ex rel. Union Twp. v. Union Twp. Professional Firefighters, IAFF Local 3412*, 12th Dist. Clermont No.

CA2013-08-064, 2014-Ohio-1582. The law of the case doctrine provides that the decision of a reviewing court in a case remains the law of the case on all legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984); *Mansour v. Croushore*, 194 Ohio App.3d 819, 2011-Ohio-3342, 958 N.E.2d 580 (12th Dist.).

{¶9} Through two separate appeals, this court has previously addressed the denial of Keith's motion for leave to file delayed motion for new trial. In *State v. Keith*, 8th Dist. Cuyahoga No. 92021, Keith filed a timely appeal from the judgment rendered on August 13, 2008, which provided that "[d]efendant's motion challenging subject matter jurisdiction and leave to file delayed motion for new trial and motion for new trial is denied." Keith raised twelve proposed assignments of error, with three proposed assignments of error specifically dealing with the denial of his motion for delayed new trial.

Assigned Error nine provided that:

> The trial court erred by not granting the Appellant's motions for delayed new trial and new trial violating Article I, Sections 2 & 16, of the Ohio Constitution and the Fourteenth Amendment of the United States Constitution.

Assigned Error ten provided that:

> The trial court erred when it failed to grant new trial motion on the due process violations perpetrated against the Appellant by government agent provocateurs violating Article I, Sections 2 & 16 of the Ohio Constitution and the Fourteenth Amendment of the United States Constitution.

Assigned Error eleven provided that:

The trial court erred when it failed to rule on the pending new trial motion in CR-316724 still pending on remand from the Eighth District Court of Appeals decision of December 26, 2002 violating Article I, Sections 2 & 16, of the Ohio Constitution and the Fourteenth Amendment of the United States Constitution.

{¶10} On October 16, 2008, this court dismissed Keith's appeal, filed in 8th Dist. Cuyahoga No. 92021, based upon the doctrine of res judicata. In addition, this court again addressed the issue of the denial of a delayed motion for new trial upon review of the appeal filed in 8th Dist. Cuyahoga Nos. 102106, 102107, and 102108. Once again, we found that:

> Simply put, Keith exhausted his direct appeal rights in Keith I, Keith II, and Keith III. His subsequent assertions of claims against valid final judgments of convictions involve issues that have been, could have been, or should have been raised on appeal and, therefore, are barred by the doctrine of res judicata. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

*State v. Keith*, 8th Dist. Cuyahoga Nos. 102106, 102107, and 102108, 2015-Ohio-5346, ¶ 21.

{¶11} Because the issue of the denial of a delayed motion for new trial has been previously determined to be without merit in numerous appeals filed by Keith, we find that the doctrine of law of the case prevents further litigation of the issue. *Washington Mut. Bank, F.A. v. Wallace*, 12th Dist. Warren Nos. CA2014-02-024 and CA2014-02-031, 2014-Ohio-5317; *State v. Weaver*, 5th Dist. Stark No. 12CA16, 2013-Ohio-2486; *State ex rel. DeBolt v. Inderlied*, 11th Dist. Portage No. 2009-P-0081, 2010-Ohio-5306.

**{¶12}** Accordingly, we grant Judge Gaul's motion for summary judgment. Costs to Keith. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

**{¶13}** Writ denied.

 

_____

EILEEN T. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
PATRICIA ANN BLACKMON, J., CONCUR