**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Keith v. Gaul,* Slip Opinion No. 2016-Ohio-5566.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5566

THE STATE EX REL. KEITH, APPELLANT, *v.* GAUL, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Keith v. Gaul,* Slip Opinion No. 2016-Ohio-5566.]

*Writ of mandamus—Ruling sought on motion for leave to file a delayed motion for new trial—Mandamus will not issue to compel a vain act—Judgment affirmed.*

(No. 2015-1483—Submitted April 5, 2016—Decided August 30, 2016.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 102875, 2015-Ohio-3480.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals that denied the petition for a writ of mandamus filed by appellant, Jeffrey Keith. Keith filed numerous motions for a new trial in various criminal proceedings in which he was a defendant. After a long procedural history, in 2015, Keith petitioned the Cuyahoga County Court of Appeals to order the original judge on his case, Judge Daniel Gaul, to rule

on Keith's 2002 motion for leave to file a delayed motion for a new trial. Judge Gaul had been assigned to the case when Keith filed this petition. The court of appeals granted the motion for summary judgment of Judge Joseph D. Russo, who is now assigned to the case, holding that the issues asserted in Keith's motion for leave to file a delayed motion for new trial had already been decided, and thus, granting the motion would be a vain act.

{¶ 2} We affirm and, as we have already denied jurisdiction in Supreme Court case No. 2015-1414, his motion to consolidate this case with that one is denied as moot.

*Facts*

{¶ 3} Keith was found guilty of arson and grand theft in 1995 in Cuyahoga Court of Common Pleas case No. CR-316724, presided over by appellee Judge Gaul. Judge Gaul sentenced Keith to 15 to 25 years' imprisonment. In July 1995, Keith filed a notice of appeal with the Eighth District Court of Appeals. In April 1996, while the appeal was pending, an entry was journalized in the common pleas court indicating that the Supreme Court of Ohio had assigned Judge Joseph Cirigliano to handle this case. The entry was erroneous, as the Supreme Court had made no such assignment. On October 28, 1996, a correction was docketed: "The above case CR 316724 was heard and disposed of by Judge Daniel Gaul. This case should not have been assigned to Judge Joseph E. Cirigliano." The next year, Keith's convictions and sentence were affirmed on appeal. *State v. Keith*, 8th Dist. Cuyahoga No. 69267, 1997 WL 113755 (Mar. 13, 1997).

{¶ 4} Case No. CR-316724 was one of three criminal cases in which Keith had been found guilty and sentenced to prison. Judge Joseph Cirigliano had presided over the other two. *See State v. Keith*, 8th Dist. Cuyahoga No. 72275, 1998 WL 742172 (Oct. 22, 1998), and *State v. Keith*, 8th Dist. Cuyahoga Nos. 76469, 76479, and 76610, 2000 WL 1176886 (Aug. 17, 2000).

**{¶ 5}** In January 2002, Keith moved for leave to file a delayed motion for a new trial in case No. CR-316724. Keith supported his motion by attaching news articles and affidavits. Keith alleged corruption in Cuyahoga County and illegal judge shopping. The state moved to dismiss Keith's motion.

**{¶ 6}** Judge Cirigliano granted the state's motion to dismiss. Keith appealed. From April 2002 through December 26, 2002, while his appeal was pending, Keith filed numerous pro se motions in the trial court in this case, seeking a new trial, appointment of a new judge, and other relief, often based on the same arguments made in the January 2002 motion. In December 2002, the court of appeals dismissed Keith's appeal from Judge Cirigliano's judgment, holding that Judge Cirigliano had had no authority to issue an order in the case, because he had not been assigned to it. *State v. Keith*, 8th Dist. Cuyahoga No. 81125, 2002-Ohio-7250, ¶ 4, 8.

**{¶ 7}** Judge Russo was assigned the case in October 2006. In 2008, Keith filed motions for leave to file a delayed motion for a new trial and for other relief. All motions were denied.

**{¶ 8}** In particular, the court of appeals dismissed Keith's appeal on a 2008 motion. *State v. Keith*, 8th Dist. Cuyahoga, Nos. 102106, 102017, 102108, 2015-Ohio-2401, 2015 WL 3819502 (June 18, 2015), stating that Keith had exhausted all appeals, and his "subsequent assertions of claims against valid final judgments of convictions involve issues that have been, could have been, or should have been raised on appeal and, therefore, are barred by the doctrine of res judicata." *Id.* at ¶ 21.

**{¶ 9}** On April 10, 2015, Keith filed a petition for writ of mandamus asking the court of appeals to compel Judge Daniel Gaul to issue a ruling on his 2002 motion for leave to file a delayed motion for a new trial. Judge Russo filed a motion for summary judgment. The Eighth District granted Judge Russo's motion. *State ex rel. Keith v. Gaul*, 8th Dist. Cuyahoga, No. 102875, 2015-Ohio-3480. The court

of appeals held that issuing a writ ordering a ruling would be a vain act. "Because the issue of the denial of a delayed motion for new trial has been previously determined to be without merit in numerous appeals filed by Keith, we find that the doctrine of law of the case prevents further litigation of the issue." *Id.* at ¶ 11.

**{¶ 10}** Keith appealed to this court as of right.

*Analysis*

**Motion to consolidate**

**{¶ 11}** Keith moved to consolidate this case with his appeal of the trial court's denials of his motions to vacate void judgments. We have already declined jurisdiction. 144 Ohio St.3d 1409, 2015-Ohio-4947, 41 N.E.3d 1409. We therefore deny the motion as moot.

**Mandamus**

**{¶ 12}** To be entitled to extraordinary relief in mandamus, Keith must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Russo[1] to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Keith must prove that he is entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

**{¶ 13}** The Court of Appeals properly dismissed Keith's petition for a writ of mandamus. The court of appeals has considered and dismissed Keith's claim for a new trial on multiple occasions:

"Simply put, Keith exhausted his direct appeal rights in *Keith I*, [*State v. Keith*, 8th Dist. Cuyahoga No. 69267, 1997 WL 113755 (Mar. 13, 1997)] *Keith II*, [*State v. Keith*, 8th Dist. Cuyahoga No.

---

[1] Keith appears to believe that Judge Gaul is still assigned to his case and should respond to his 2002 motion. However, Judge Russo was properly assigned to the case in 2006.

72275, 1998 WL 742172 (Oct. 22, 1998)] and *Keith III* [*State v. Keith*, 8th Dist. Cuyahoga Nos. 76469, 76479, 76610, 2000 WL 1176886 (Aug. 17, 2000)]. His subsequent assertions of claims against valid final judgments of convictions involve issues that have been, could have been, or should have been raised on appeal and, therefore, are barred by the doctrine of *res judicata. State v. Ketterer*, 126 Ohio St.3d 448, 2010–Ohio–3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus."

*State ex rel. Keith v. Gaul,* 8th Dist. Cuyahoga No. 102875, 2015-Ohio-3480, ¶ 10, quoting *State v. Keith*, 8th Dist. Cuyahoga Nos. 102106, 102107, 102108, 2015-Ohio-2401, ¶ 21.

{¶ 14} The court of appeals correctly recognized that the claims put forth in Keith's 2002 motion have been ruled on and found wanting. 2015-Ohio-3480, ¶ 10, citing 2015-Ohio-2401, ¶ 21. The doctrine of law of the case prevents any future court from deciding otherwise. " '[T]he doctrine [of the law-of-the-case] provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' " *State ex rel. Cleveland v. Astrab*, 139 Ohio St. 3d 445, 2014-Ohio-2380, 12 N.E.3d 1197, ¶ 21, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3–4, 462 N.E.2d 410 (1984). " 'Where "a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. Moreover, the trial court is without authority to extend or vary the mandate given.' " *Id.*

**{¶ 15}** Thus, if the court of appeals or this court issues a writ ordering Judge Russo to rule on Keith's January 2002 motion, Judge Russo will be "bound to adhere to the appellate court's determination" of the issues raised in that motion.

**{¶ 16}** And because Judge Russo is so bound, ordering him to rule on the motion would be a vain act. Mandamus will not issue to compel a vain act. *State ex rel. Bona v. Orange*, 85 Ohio St. 3d 18, 22, 706 N.E.2d 771(1999), citing *State ex rel. Thomas v. Ghee*, 81 Ohio St.3d 191, 192, 690 N.E.2d 6, (1998).

*Conclusion*

**{¶ 17}** Because a ruling on Keith's 2002 motion would be constrained by the law-of-the-case doctrine, issuing a writ ordering such a ruling would be a vain act. Mandamus will not issue to compel a vain act.

**{¶ 18}** We therefore affirm the judgment of the court of appeals. We also deny the motion to consolidate.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Jeffrey Keith, pro se.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____