[Cite as *State ex rel. Ryan v. Nobles*, 2023-Ohio-4283.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. James M. Ryan, Jr.,      :

     Relator,      :

v.      :      No. 23AP-206

Honorable Judge Douglas H. Nobles,      :      (REGULAR CALENDAR)
Court of Common Pleas, Franklin County,
Ohio Division of Domestic Relations      :
and Juvenile Branch et al.,
     :
     Respondents.
     :

     :

D E C I S I O N

Rendered on November 21, 2023

**On brief:** *James M. Ryan, Jr.,* pro se.

**On brief:** *G. Gary Tyack,* Prosecuting Attorney, and *Brian D. Zagrocki,* for respondents.

IN MANDAMUS
ON OBJECTIONS TO MAGISTRATE'S DECISION

MENTEL, J.

{¶ 1} Relator, James M. Ryan, Jr., pro se, brought this original action seeking a writ of mandamus ordering respondent, Judge Douglas H. Nobles, to rule on relator's February 24, 2023 objections to the magistrate's February 10, 2023 order denying his December 27, 2022 motion filed in *James M. Ryan v. Tara Ryan*, Franklin C.P. No. 21DR-4418. Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. On April 10, 2023, respondents filed a motion to dismiss the case, pursuant to Civ.R. 12(B)(6), arguing that relator failed to state a claim upon which relief can be granted.

{¶ 2}  On June 16, 2023, the magistrate issued its decision and recommendation that this court should sua sponte dismiss relator's complaint as moot.  (June 16, 2023 Mag.'s Decision at 5.)  The magistrate found that the trial court's April 26, 2023 decision, which denied relator's February 24, 2023 combined objections and motion to set aside the February 10, 2023 order, resolved relator's claim for relief.  (June 16, 2023 Mag.'s Decision at 4.)  The magistrate also found that "insofar as relator seeks to employ this action to challenge the February 10, 2023 magistrate's order or the trial court's April 26, 2023 decision and judgment entry, mandamus will not lie" because mandamus cannot be used as a substitute for appeal.  (*Id.* at 5.)  The magistrate provided notice to relator of the opportunity, pursuant to Civ.R. 53(D)(3), to object to the findings of fact and conclusions of law in the decision.  (*Id.* at 6.)

{¶ 3}  On June 29, 2023, relator filed objections to the magistrate's decision arguing that the June 16, 2023 decision does not grant relator the relief sought, i.e., that Huntington Bank must respond to a subpoena to produce all requested records, documents, and information.  Relator contends that the matter is unresolved because the trial court's decision does not clearly adopt or not adopt the magistrate's February 10, 2023 order.  Finally, the relator alleges that while he had filed an appeal with this court—*James M. Ryan Jr. v. Tara Ryan*, 10th Dist. No. 23AP-314 (June 5, 2023 Journal Entry of Dismissal)—the dismissal of the case violated his procedural and substantive due process rights.  Also on June 29, 2023, relator filed a motion to set aside the magistrate's decision making similar arguments as those asserted in his objections to the magistrate's decision.  On July 10, 2023, respondents filed a memorandum contra arguing that the magistrate's recommendation and decision should be adopted, and the magistrate's decision should not be set aside.  A reply brief was filed on July 12, 2023.[1]

{¶ 4}  Upon review, the trial court's April 26, 2023 decision resolves relator's objections to the magistrate's order.  In the decision, the trial court expressly denied

---

[1] While relator's reply brief provided some discussion in response to respondents' memorandum contra, it also asserted issues that were not presented in his initial objections. A relator may use a reply brief to respond to the brief of a respondent, not to raise new issues for the first time. *Hadden Co., L.P.A. v. Zweier,* 10th Dist. No. 15AP-210, 2016-Ohio-2733, ¶ 15, citing *State v. Mitchell*, 10th Dist. No. 10AP-756, 2011-Ohio-3818, ¶ 47. We will generally not address a new argument raised for the first time in a reply brief. *Hadden Co., L.P.A.* at ¶ 15, citing *State v. Shedwick*, 10th Dist. No. 11AP-709, 2012-Ohio-2270, ¶ 50. Accordingly, insofar as relator's reply brief asserts new arguments, those arguments will be disregarded.

relator's motion, and with it, his sought relief to have Huntington Bank compelled to produce the requested discovery. Relator's disagreements with the trial court's decision does not change the fact that an underlying decision was rendered. We also agree with the magistrate that relator's attempt to circumvent the appeals process by filing a writ of mandamus is without merit. It is well-established that a writ of mandamus is not a substitute for an appeal. *State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, ¶ 11.

{¶ 5} Because we find that the underlying complaint for mandamus is moot, we find that respondents' motion to dismiss concerning the merits of relator's mandamus action is also moot.

{¶ 6} Following our independent review of the record, pursuant to Civ.R. 53, we find the magistrate has properly determined the facts and applied the appropriate law. Accordingly, we overrule relator's objections to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law therein. We also deny relator's June 29, 2023 motion to set aside the magistrate's decision under the same analysis. In accordance with the magistrate's decision, the requested writ of mandamus is dismissed as moot.

*Objections overruled;*
*Motion to set aside magistrate's decision denied.*

JAMISON and EDELSTEIN, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. James M. Ryan, Jr., | : | |
| Relator, | : | |
| v. | : | No.  23AP-206 |
| Honorable Judge Douglas H. Nobles,<br>Court of Common Pleas, Franklin County,<br>Ohio Division of Domestic Relations<br>and Juvenile Branch, et al., | :<br><br>: | (REGULAR CALENDAR) |
| Respondents. | :<br><br>: | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on June 16, 2023

*James M. Ryan, Jr.*, pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Brian D. Zagrocki,* for respondent.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 7}  Relator, James M. Ryan, Jr., has filed a complaint in mandamus, naming as respondents the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, and the Honorable Douglas H. Nobles, judge of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch. Relator seeks a writ of mandamus ordering Judge Nobles to rule by either adopting or not adopting a February 10, 2023 magistrate's order.

## I. Findings of Fact

{¶ 8}   1. Relator is the plaintiff in *James M. Ryan v. Tara Ryan*, Franklin C.P. No. 21DR4418 ("Case No. 21DR4418").

{¶ 9}   2. Respondent the Honorable Douglas H. Nobles, judge of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, is presiding over Case No. 21DR4418.

### A. Proceedings in Case No. 21DR4418 and 23AP-99

{¶ 10}   3. On December 27, 2022, relator filed a motion in Case No. 21DR4418 listing the following caption: "MOTION WITHOUT ORAL HEARING SUBMITTED DIRECT TO HONORABLE MAGISTRATE ERIC M. WAHL OF PLAINTIFF, JAMES MICHAEL RYAN JR. TO COMPEL THE HUNTINGTON NATIONAL BANK TO RESPOND TO SUBPOENA PRODUCING ALL REQUESTED RECORDS, DOCUMENTS, INFORMATION." (Emphasis sic.)

{¶ 11}   4. On February 10, 2023, the magistrate assigned in Case No. 21DR4418 filed an order denying relator's December 27, 2022 motion.

{¶ 12}   5. Relator filed a notice of appeal from the February 10, 2023 magistrate's order on the same date.

{¶ 13}   6. On February 23, 2023, this court filed a journal entry of dismissal in Case No. 23AP-99. In the entry, the court found that it was without jurisdiction, stating that "[a] magistrate's order that has not been adopted by the court does not constitute a final order for purposes of R.C. 2505.02."

{¶ 14}   7. On February 24, 2023, relator filed a "COMBINED OBJECTION TO THE FEBRUARY 10, 2023 ORDER OF MAGISTRATE ERIC M. WAHL AND MOTION TO SET ASIDE THE FEBRUARY 10, 2023 ORDER OF MAGISTRATE ERIC M. WAHL." (Emphasis sic.)

{¶ 15}   8. On April 26, 2023, respondent Judge Nobles filed a decision and entry denying relator's February 24, 2023 combined objection and motion to set aside the February 10, 2023 magistrate's order.

### B. Proceedings in this Mandamus Action

{¶ 16}   9. Relator filed a complaint in mandamus in the instant matter on March 30, 2023.

{¶ 17} 10. In his complaint, relator stated that as of the date of the filing of the complaint, respondent Judge Nobles "has not ruled pursuant to the procedure recommended by this Court of Appeals in its [February 23, 2023] Entry" in Case No. 23AP-99. Furthermore, relator stated that "it is unknown as of the date hereof, if the Trial Court has not adopted (or adopted) Magistrate Wahl's Order particularly Magistrate Wahl's finding Huntington *not* a party." (Emphasis sic.) (Compl. at 4.)

{¶ 18} 11. In his complaint, relator sought the following relief:

> Relator prays this Appeals Court issue a peremptory writ of mandamus or an alternate writ under R.C. Chapter 2731 requiring Honorable Judge Douglas H. Nobles to rule ordering pursuant to the procedure recommended by this Court of Appeals, Franklin County, Ohio Tenth Appellate District in its Entry docketed 02-23-2023 in Court Of Appeals Case No. 23 AP000099.
>
> A. [T]he 02-10-2023 Order of Magistrate Eric M. Wahl is not adopted by the Trial Court in case no. 21 DR004418 in Common Pleas, Franklin County, Ohio, Division of Domestic Relations and Juvenile Branch; ordering The Huntington National Bank is a party in case no. 21 DR004418 in Common Pleas, Franklin County, Ohio, Division of Domestic Relations and Juvenile Branch; with Honorable Judge Douglas H. Nobles entering said Order inclusive of all that set out in this "A" on the Docket of Trial Court case no. 21 DR 004418 as a Final Appealable Order of the Trial Court;
>
> B. [A]lternatively, the 02-10-2023 Order of Magistrate Eric M. Wahl adopted by the Trial Court in case no. 21 DR 004418 in Common Pleas, Franklin County, Ohio, Division of Domestic Relations and Juvenile Branch; ordering the Trial Court adopts the finding in the 02-10-2023 Order of Magistrate Eric M. Wahl The Huntington National Bank not a party in Trial Court case no. 21 DR 004418 in Common Pleas, Franklin County, Ohio, Division of Domestic Relations and Juvenile Branch; with Honorable Judge Douglas H. Nobles entering said Order inclusive of all that set out in this "B" on the Docket of Trial Court case no. 21 DR 004418 as a Final Appealable Order.
>
> Relator further requests costs, attorney fees, and such other and further relief at law or in equity as this Appeals Court may deem necessary and proper.

(Compl. at 23-24.)

{¶ 19} 12. On March 31, 2023, relator filed an "emergency motion without oral hearing for order stay[ing] all proceedings in Case No. 21 DR 004418 in Court of Common Pleas, Franklin County Ohio, Division of Domestic Relations and Juvenile Branch."

{¶ 20} 13. On April 10, 2023, the magistrate filed an order denying relator's March 31, 2023 motion.

{¶ 21} 14. On April 10, 2023, respondents filed a motion to dismiss pursuant to Civ.R. 12(B)(6) and a memorandum in response to relator's March 31, 2023 motion.

{¶ 22} 15. On April 20, 2023, relator filed a memorandum in opposition to respondents' April 10, 2023 motion to dismiss.

{¶ 23} 16. On April 27, 2023, relator filed documents which he captioned: "Relator's evidence initial exhibits Ex. 1 through Ex. 20 in support of pending brief in support of original action verified complaint for writ of mandamus." On May 3, 2023, relator filed documents which he captioned: "Relator's evidence exhibits: Ex. 21 through Ex. 32 in support of pending brief in support of original action verified complaint for writ of mandamus." On May 16, 2023, relator filed an "emergency motion for extension of time to serve and file brief."

{¶ 24} 17. On May 16, 2023, the magistrate filed an order denying relator's May 16, 2023 "emergency motion for extension of time to serve and file brief."

## II. Discussion and Conclusions of Law

{¶ 25} In order for a court to issue a writ of mandamus, a relator must establish (1) the relator has a clear legal right to the requested relief, (2) the respondent is under a clear legal duty to provide the relief, and (3) the relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983), citing *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 42 (1978).

{¶ 26} In his complaint, relator seeks a writ of mandamus ordering respondent Judge Nobles to either adopt or not adopt the February 10, 2023 magistrate's order in Case No. 21DR4418. As facts not subject to reasonable dispute, it is appropriate to take judicial

notice of the docket in Case No. 21DR4418.[2] In the April 26, 2023 decision and judgment entry in that case, the trial court denied relator's February 24, 2023 combined objection and motion to set aside the February 10, 2023 magistrate's order. As a result, this action has become moot.

{¶ 27} " 'It is the duty of every judicial tribunal to decide actual controversies' and withhold advice upon moot questions." *State ex rel. Grendell v. Geauga Cty. Bd. of Commrs.*, 168 Ohio St.3d 154, 2022-Ohio-2833, ¶ 9, quoting *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970). An action becomes moot " ' "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." ' " *State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, ¶ 10, quoting *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979), quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969). *See The Brunner Firm Co., L.P.A. v. Bussard*, 10th Dist. No. 07AP-867, 2008-Ohio-4684, ¶ 35 ("An action may be rendered moot when the litigant receives the relief sought before completion of the lawsuit."). "Conversely, if an actual controversy exists because it is possible for a court to grant the requested relief, the case is not moot, and a consideration of the merits is warranted." *Gaylor* at ¶ 11. *See State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, ¶ 7 (stating that "a case is not moot if an actual controversy remains between the litigants").

{¶ 28} "Mandamus will not issue to compel a vain act." *State ex rel. Keith v. Gaul*, 147 Ohio St.3d 270, 2016-Ohio-5566, ¶ 16. "An act is in vain when the underlying dispute has become moot, such that relief in the pending lawsuit would not affect the outcome." *State ex rel. Burkons v. Beachwood*, 168 Ohio St.3d 191, 2022-Ohio-748, ¶ 14. When the actual controversy in the case ceases to exist, the court "must dismiss the case as moot." *M.R. v. Niesen*, 167 Ohio St.3d 404, 2022-Ohio-1130, ¶ 7.

---

[2] A court may take judicial notice of facts not subject to reasonable dispute insofar as they affect the current original action. *See State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18 (taking judicial notice of information presented in an unopposed motion and also available on a publicly accessible website); *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8 (finding that a court considering a motion to dismiss pursuant to Civ.R. 12(B)(6) properly took judicial notice of an entry attached to the motion in determining whether the mandamus claim was moot); Evid.R. 201(B). "Ohio courts may take judicial notice in 'writ action[s] without converting * * * [a] dismissal motion to a motion for summary judgment.' " *State ex rel. Mobley v. O'Donnell*, 10th Dist. No. 20AP-193, 2021-Ohio-715, ¶ 9, quoting *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000). *See Pearson v. Columbus*, 10th Dist. No. 14AP-313, 2014-Ohio-5563, ¶ 17, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 10 (stating that a court is permitted to "take judicial notice of 'appropriate matters' in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment").

{¶ 29} Therefore, because relator's claim for relief has already been resolved by the trial court's April 26, 2023 decision, this mandamus action must be dismissed as moot. Furthermore, insofar as relator seeks to employ this action to challenge the February 10, 2023 magistrate's order or the trial court's April 26, 2023 decision and judgment entry, mandamus will not lie. "Mandamus cannot be used as a substitute for appeal or create an appeal from an order which is not a final order." *State ex rel. Overmeyer v. Walinski*, 8 Ohio St.2d 23, 24 (1966). *See State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 57 (1973); *State ex rel. Sobczak v. Skow*, 49 Ohio St.3d 13, 14 (1990).

{¶ 30} Accordingly, it is the decision and recommendation of the magistrate that relator's complaint should be sua sponte dismissed as moot.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.