OPINION
{¶ 1} Appellant, A.D. ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch *Page 2 
("juvenile court"), granting the motion of appellee, Franklin County Children Services ("appellee"), for permanent court commitment ("PCC") of appellant's minor child, A.L.D.
 {¶ 2} The following relevant facts and procedural history are gleaned from the record. Appellant was 37 years old at the time of trial and has five children in addition to A.L.D.[1] In 2002, appellant voluntarily relinquished four of those children to a relative in Detroit, Michigan, just before appellant underwent brain surgery. Following her recovery, however, she has not attempted to regain those children. Appellant moved to Columbus in 2003. In 2005, the juvenile court terminated appellant's parental rights to another of her children.
 {¶ 3} Appellant testified that she has suffered from a seizure disorder throughout her life, and has received Supplemental Security Income ("SSI") for her disability during her entire adulthood. She stated that the probate court has determined that appellant is in need of a payee to receive and manage the SSI payments on her behalf. Appellant testified that she has treated at Southeast Mental Health since 2004, and that a psychiatrist there has told her that she suffers from bipolar disorder. She testified that her psychiatrist wanted to prescribe medications to alleviate her mental health problems, but did not do so after appellant's neurologist cautioned that the medications would interfere with her anti-seizure regimen. Appellant denies that she actually suffers from bipolar disorder. Evaluating psychologist Dr. Douglas Pawlarczyk diagnosed appellant with Cognitive Disorder, Not Otherwise Specified, and testified that appellant has an I.Q. score of 58. This is in the range for mild mental retardation, but Dr. Pawlarczyk did not
A seventh child is deceased. *Page 3 
diagnose appellant with mental retardation because he lacked the requisite historical data to do so.
 {¶ 4} A.L.D. was born on November 8, 2006, to appellant and an unknown father who is not a party to this proceeding. Appellee took temporary custody of A.L.D. immediately from the hospital after his birth, and he has never been in appellant's care. On January 31, 2007, appellee filed a complaint alleging that A.L.D. was a dependent child, and requesting custody and a disposition of PCC. Also on that date, appellee filed a motion for a determination that reasonable efforts to reunite the family were not required because appellant had previously had her parental rights terminated with respect to a sibling of A.L.D. On February 21, 2007, the juvenile court granted that motion.
 {¶ 5} On February 6, 2007, the juvenile court appointed a guardian ad litem ("GAL") and a court-appointed special advocate for A.L.D. On April 19, 2007, the GAL submitted a report recommending that the juvenile court grant the request for PCC. On April 19, 2007 and April 25, 2007, a magistrate of the juvenile court held an adjudicatory hearing. On May 1, 2007, the magistrate issued a decision recommending adjudication of A.L.D. as a dependent child; the juvenile court adopted this decision. On April 26, 2007, the juvenile court held a dispositional hearing. The parties agreed that, in making its decision on disposition, the juvenile court would consider the testimony from the adjudicatory hearing as well as that from the dispositional hearing. On May 14, 2007, the magistrate issued a decision recommending that the juvenile court grant PCC and terminate appellant's parental rights to A.L.D.
 {¶ 6} On May 23, 2007, appellant filed objections to the magistrate's decision, and on June 6, 2007, appellee filed a memorandum contra. On July 31, 2007, appellant *Page 4 
filed supplemental objections, and on September 10, 2007, appellee filed a memorandum contra. The juvenile court overruled the objections and granted PCC. Appellant timely perfected her appeal to this court and advances two assignments of error for our review, as follows:
 Assignment of Error Number One: The trial court's decision affirming the magistrate's decision to terminate parental rights is not supported by sufficient credible evidence.
 Assignment of Error Number Two: The trial court violated appellant's right to due process by considering a report from [A.L.D.'s] GAL and unsworn statements from [appellant's] GAL without providing [appellant] with an opportunity to cross-examine the GALs.
 {¶ 7} In order to terminate parental rights, the movant must prove, by clear and convincing evidence, one of the four factors enumerated in R.C. 2151.414(B)(1) and that the child's best interest is served by a grant of permanent custody. In re M.B., Franklin App. No. 04AP-755,2005-Ohio-986, ¶ 6. Clear and convincing evidence requires that the proof "`produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" In re Estep (Feb. 8, 2001), Franklin App. No. 00AP-623, 2001 Ohio App. LEXIS 435, at *4, quoting In re Coffman (Sept. 7, 2000), Franklin App. No. 99AP-1376, 2000 Ohio App. LEXIS 4033, citing Cross v. Ledford (1954), 161 Ohio St. 469,53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus. It is undisputed that because appellant has had her parental rights to one of A.L.D.'s siblings terminated, the juvenile court was required to find that A.L.D. cannot be placed with appellant within a reasonable time or should not be placed with her. R.C. 2151.414(E)(11). This satisfies R.C.2151.414(B)(1)(a). Thus, the only remaining issue for the juvenile court at the dispositional phase was whether PCC is in A.L.D.'s best interest. In her first assignment *Page 5 
of error, appellant argues that the evidence does not support the juvenile court's decision that PCC is in A.L.D.'s best interest.
 {¶ 8} "`The discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned.'" In re Hogle (June 27, 2000), Franklin App. No. 99AP-944, 2000 Ohio App. LEXIS 2813, at *12, quoting In reAwkal (1994), 95 Ohio App.3d 309, 316, 642 N.E.2d 424.
 {¶ 9} A trial court's determination in a permanent custody case will not be reversed on appeal unless it is against the manifest weight of the evidence. In re Andy-Jones, Franklin App. No. 03AP-1167,2004-Ohio-3312, ¶ 28, discretionary appeal not allowed,103 Ohio St.3d 1429, 2004-Ohio-4524, 814 N.E.2d 491. Judgments supported by some competent, credible evidence going to all essential elements of the case are not against the manifest weight of the evidence. Id.; C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 8 O.O.3d 261,376 N.E.2d 578, paragraph one of the syllabus.
 {¶ 10} The findings of a trial court are presumed correct since, as the trier of fact, it is in the best position to weigh the evidence and evaluate the testimony. In re Brown (1994), 98 Ohio App.3d 337, 342,648 N.E.2d 576; Hogle, supra. Moreover, "[e]very reasonable presumption must be made in favor of the judgment and the findings of facts [of the trial court]." Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19,526 N.E.2d 1350. "[I]f the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the [juvenile] court's verdict and judgment." Id. *Page 6 
 {¶ 11} In determining the best interest of the child, for purposes of a permanent custody motion, the court:
shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413
[2151.41.3] of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
R.C. 2151.414(D).
 {¶ 12} Appellant concedes that with respect to the first, second, third, and fifth enumerated factors, respectively: A.L.D. and appellant are not bonded; A.L.D. is too young (six months old at the time of trial) to express his wishes regarding custody; A.L.D. has been in appellee's custody and in the care of foster parents since his birth; and R.C. *Page 7 2151.414(E)(11) applies by virtue of appellant having had her parental rights to A.L.D.'s sibling terminated. Appellant's argument in support of her first assignment of error centers on the fourth enumerated best-interest factor, which is whether a legally secure permanent placement for A.L.D. can be achieved without a grant of permanent custody to appellee.
 {¶ 13} The juvenile court determined that PCC is the only way of achieving a legally secure permanent placement for A.L.D. Appellant argues that the juvenile court erred because it based this determination upon appellant's cognitive deficits. She argues because she is effectively coping with her short-term memory loss and other cognitive deficits by writing important information down, her seizure disorder is being effectively managed with medication, and she is able to care for herself and manage her own household, the trial court should have found that a legally secure permanent placement is possible without a grant of permanent custody to appellee.
 {¶ 14} Contrary to appellant's characterization of the juvenile court's decision, the only reason that the juvenile court specifically cited in its discussion of the fourth enumerated best-interest factor is the undisputed fact that appellant voluntarily gave up four of her children, has never had custody of A.L.D., and had her parental rights terminated with respect to another child. The juvenile court did not base its decision on appellant's cognitive deficits.
 {¶ 15} Indeed, "[w]hen determining the best interest of a child under R.C. 2151.414(D) at a permanent-custody hearing, a trial court may not base its decision solely on the limited cognitive abilities of the parents." In re D.A., 113 Ohio St.3d 88, 2007-Ohio-1105, 862 N.E.2d 829, syllabus. In In re D.A., the trial court granted PCC *Page 8 
based on the parents' mental retardation, despite the fact that every best-interest factor favored the parents. Here, in contrast, none of the best-interest factors favors appellant, and the juvenile court found that PCC was the only method of achieving a legally secure permanent placement because of appellant's undisputed history of giving up or permanently losing custody of her six other children. It was not against the manifest weight of the evidence to find that because appellant has proven unable to provide a legally secure permanent placement for her other six children, she will not be able to provide one for A.L.D.
 {¶ 16} Additionally, appellant's effective management of her seizure disorder, and her ability to cope with her cognitive deficiencies and manage her own household, while laudable, are virtually irrelevant to the trial court's best-interest determination. A.L.D. has already been adjudicated a dependent child. "A juvenile court adjudication of * * * dependency is a determination about the care and condition of a child and implicitly involves a determination of the unsuitability of the child's * * * parents." In re C.R., 108 Ohio St.3d 369, 2006-Ohio-1191,843 N.E.2d 1188, paragraph two of the syllabus. Thus, "[w]hen a juvenile court adjudicates a child to be * * * dependent, it has no duty to make a separate finding at the dispositional hearing that a noncustodial parent is unsuitable * * *." Id., paragraph three of the syllabus. For this reason, whether appellant adequately takes care of herself and copes with her disabilities is not something that the juvenile court was required to consider.
 {¶ 17} The juvenile court properly considered each one of the statutorily enumerated best-interest factors, and also appropriately considered relevant A.L.D.'s GAL's recommendation that the court grant PCC. Based upon these factors, and the *Page 9 
undisputed evidence relating to each, the juvenile court's decision that a legally secure permanent placement was only possible through a grant of PCC, and its decision that PCC is in A.L.D.'s best interest, are supported by competent, credible evidence going to all essential elements. The judgment is not against the manifest weight of the evidence. For this reason, appellant's first assignment of error is overruled.
 {¶ 18} Appellant's second assignment of error raises issues that she never raised in her objection to the magistrate's decision. Pursuant to Civ.R. 53(D)(3)(b)(iv), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)." This rule "imposes a duty to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision." In re A.V., Franklin App. No. 05AP-789, 2006-Ohio-3149, ¶ 22, citing O'Connor v. Trans WorldServs., Franklin App. No. 05AP-560, 2006-Ohio-2747, ¶ 8. Thus, in failing to raise below the issues raised in her second assignment of error, appellant has waived all but plain error. "In civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself." In re H.M.S., Franklin App. No. 05AP-613,2006-Ohio-701, ¶ 6, citing Goldfuss v. Davidson, 79 Ohio St.3d 116,1997-Ohio-401, 679 N.E.2d 1099, syllabus.
 {¶ 19} Appellant argues that the trial court violated her right to due process of law when it considered A.L.D.'s GAL's report and appellant's GAL's unsworn statement, *Page 10 
"without providing [appellant] with an opportunity to cross-examine the GALs."[2] It is true that, "[i]n a permanent custody proceeding in which the guardian ad litem's report will be a factor in the trial court's decision, parties to the proceeding have the right to cross-examine the guardian ad litem concerning the contents of the report and the basis for a custody recommendation." In re Hoffman,97 Ohio St.3d 92, 2002-Ohio-5368, 776 N.E.2d 485, syllabus. "Without these safeguards, there are no measures to ensure the accuracy of the information provided and the credibility of those who made statements." Id. at ¶ 25.
 {¶ 20} In Hoffman, the mother requested to cross-examine the GAL and the trial court refused to allow her to do so, thereby depriving her of due process of law. In this case, however, the record does not reveal, and appellant does not argue, that she ever requested or attempted to call either GAL for cross-examination; rather, she chose not to do so. Without such a request or attempt, appellant's rights to due process have not been violated. In re James, Franklin App. No. 03AP-373, 2003-Ohio-5208, ¶ 35-36.
 {¶ 21} Appellant argues that because A.L.D.'s GAL's report was never offered into evidence, the GALs made unsworn statements at the close of the evidence, and because "neither GAL offered to testify"[3]
appellant "had no reason to attempt to cross-examine the GALs until it was too late."[4] These arguments are disingenuous and without merit. Pursuant to R.C. 2151.414(C), any written report of a GAL shall be submitted to the court at or before the dispositional hearing, but "shall not be submitted under oath." In this case, A.L.D.'s GAL's report was submitted prior to the dispositional hearing, and both *Page 11 
GALs were present at both the adjudicatory and dispositional hearings. There is no indication that appellant did not have access to the GALs' statements or the opportunity to cross-examine them with respect thereto. Moreover, there is no requirement that the court call witnesses or cross-examine them on any party's behalf. Under these circumstances, appellant has not been deprived of her right to due process of law.
 {¶ 22} In her brief, appellant argues that if we conclude that she should have called the GALs as upon cross-examination, then her counsel's failure to do so constituted a violation of her right to effective assistance of counsel. First, appellant has not raised this issue in either of her assignments of error. "Pursuant to App.R. 12(A)(1)(b), this court is required to determine the appeal based upon the assignments of error set forth in the briefs under App.R. 16, and we sustain or overrule only assignments of error and not mere arguments."State v. White, Franklin App. No. 05AP-1178, 2006-Ohio-4226, ¶ 34.
 {¶ 23} Even if we were to pass upon this argument as an additional assignment of error, it is without merit. We have previously held that where it is plausible that counsel's decision not to cross-examine the guardian ad litem was part of an astute legal strategy to avoid exposure of and emphasis upon facts supporting the GAL's recommendation that the court grant PCC, there is no ineffective assistance in failing to call the GAL. In re J.J., Franklin App. No. 06AP-495, 2006-Ohio-6151, discretionary appeal not allowed, 112 Ohio St.3d 1495, 2007-Ohio-724,862 N.E.2d 120. Here, it is possible that appellant's counsel decided that cross-examination of the GALs would yield no benefit to appellant's case and/or could have harmed it. As such, counsel's decision to forgo cross-examination was not ineffective assistance. In conclusion, because we have concluded that the juvenile *Page 12 
court did not violate appellant's right to due process of law, we overrule appellant's second assignment of error.
 {¶ 24} Having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.
Judgment affirmed.
PETREE and TYACK, JJ., concur.
[1] A seventh child is deceased.
[2] Assignment of Error Number Two.
[3] Brief of Appellant, at 9.
[4] Id. at 10.