[Cite as *In re Estate of Porter*, 2017-Ohio-8840.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of: | : | |
| Estate of Calvert M. Porter, | : | No. 17AP-414 |
| | | (Prob. No. 498177) |
| [Andrea Denise Jones Porter, | : | |
| | | (REGULAR CALENDAR) |
| Appellant]. | : | |

---

D E C I S I O N

Rendered on December 5, 2017

---

**On brief:** *Law Office of Philip A. King, LLC*, and *Philip A. King*, for appellant. **Argued:** *Philip A. King*.

**On brief:** *L. O'Shaughnessy Law LLC*, and *Lucy K. O'Shaughnessy*, for appellee Western Surety Company.

---

APPEAL from the Franklin County Court of Common Pleas,
Probate Divison

SADLER, J.

{¶ 1} Appellant, Andrea Denise Jones Porter, appeals from the May 10, 2017 judgment entry of the Franklin County Court of Common Pleas, Probate Division, adopting in part and modifying in part a magistrate's September 13, 2016 decision on exceptions filed to a final account of the estate of appellant's deceased father. For the following reasons, we affirm the decision of the trial court.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} This case involves final settlement of the estate of appellant's father and her role as co-administrator of his estate. No party objected to the findings of fact set forth in the magistrate's September 13, 2016 decision, which provides as follows:

> 1. Calvert Porter ("the decedent") died on August 20, 2003.

2. The decedent died owning an interest in the real property located at 1444 Moler Road Columbus, Ohio ("1444 Moler Rd").

3. Imogene Porter was appointed executor of the decedent's estate on October 1, 2003 pursuant to a document alleged to be the decedent's will.

4. The alleged will was later determined not to be valid by this court.

5. [Appellant] was appointed co-administrator of the estate on January 14, 2004. Susan Wasserman, Esq. was her attorney.

6. [Appellant] filed a Fiduciary's Bond in the amount of $260,000 with Western Surety Company as surety on January 14, 2004. The bond was reduced to $40,000 by court order on August 29, 2005.

7. While executor, Imogene Porter sold 1444 Moler Rd. to Naser Saleh. The sale was later determined not to be valid by this court.

8. On April 16, 2007, this Court approved the settlement agreement in which Naser Saleh conveyed 1444 Moler Rd. to [appellant] and [appellant] conveyed a portion back to Naser Saleh.

9. On November 8, 2010, Ms. Wasserman resigned as attorney for [appellant].

10. Ms. Wasserman's attorney fees of $85,694.19 were approved by this Court on January 11, 2011 and allowed from the assets of the estate.

11. On August 31, 2011, this Court ordered that the final account be amended to include as an asset the value of the real estate located at 1444 Moler Rd. and to include Ms. Wasserman's attorney fees as debts of the estate. The court also ordered a lien for the attorney fees to be placed against the real estate since there were insufficient funds in the estate.

12. On August 11, 2014, [appellant] filed for personal bankruptcy. The U.S. Bankruptcy Court for the Southern

District of Ohio issued an order avoiding Ms. Wasserman's judicial lien on 1444 Moler Rd. on December 3, 2014.

13. [Appellant] filed a final account on June 9, 2015.

   a. The final account showed 1444 Moler Rd. as an asset of the estate.

   b. The distribution section of her final account states: "Decedent's interest in real property located at 1444 Moler Rd. Columbus, OH 43207 Answerer [sic] to [appellant] as part of settlement in related adversary case * * *."

   c. The final account shows that $35,818.46 in legal fees were paid to Mrs. Wasserman.

14. The estate still owes Mrs. Wasserman $49,875.73 in legal fees.

15. On July 13, 2015, Mrs. Wasserman filed a pleading titled *Objection to the Final Account Filed by Co-Administrator* [*appellant*] *ORC 2109.33* (hereinafter "Exceptions").

   a. In her Exceptions, Mrs. Wasserman asks the court to "hold a hearing on these exceptions and that the CBS Agency be made a party to this matter and for such further equitable relief as the court may deem proper including a surcharge on the bond on behalf of [appellant]."

16. On May 5, 2016 the Bankruptcy Court granted Ms. Wasserman a relief from stay pursuant to 11 U.S.C. 362(d) to pursue her rights against the surety under the bond issued in the probate case.

(Emphasis sic.)  (Sept. 13, 2016 Mag.'s Decision at 2-4.)

{¶ 3}  Under the conclusions of law, the magistrate found that appellant's final account showed she distributed 1444 Moler Road to herself while leaving $49,875.73 of the court-ordered attorney fees unpaid and that appellant did not dispute she failed to pay the balance of the attorney fees.  The magistrate found appellant violated her fiduciary duties in doing so, and, as a result, Western Surety was liable and obligated to pay $40,000 (the amount of the surety bond) to Wasserman.

{¶ 4} Both Western Surety and appellant filed objections to the magistrate's decision. Western Surety objected for the following reasons:

- Upon finding that the real estate at issue in this case was an asset of the Estate of Calvert M. Porter, this Court should order it to be returned to the estate and the debts of the Estate should be paid from the proceeds of its sale;

- A surcharge against the bond is premature and procedurally improper arising from a hearing on exceptions to a final account; and

- Alternatively, the Magistrate's Decision should have given Western Surety a judgment against its bond principal for any amount it is ordered to pay.

(Sept. 26, 2016 Objs. to Mag.'s Decision at 1.)

{¶ 5} Appellant objected to the magistrate's conclusion that she is responsible for the alleged breach of disbursing estate assets while failing to pay her attorney fees. Instead, appellant contended the original invalid transfer by Imogene Porter was not her fault, and the later transfer of the property via the settlement agreement was also not her fault because it was approved by Wasserman and the probate court. As such, appellant contended the probate court should find Wasserman liable for any breach caused by the transfer of the property to appellant. Appellant further generally objected to the magistrate's decision, without elaboration, "to the extent that it orders her to convey the Property back into the estate or orders her to pay * * * Wasserman's attorney fees contrary to bankruptcy law." (Sept. 27, 2016 Obj. to Mag.'s Decision at 3.)

{¶ 6} On May 10, 2017, the probate court issued a judgment entry adopting and modifying the September 13, 2016 magistrate's decision.[1] The probate court found appellant's argument regarding the transfer made by Imogene Porter irrelevant to the issue in this matter. The probate court further noted that the probate court could not, by statute, authorize transfer of the property by settlement agreement and that none of the

[1] The probate court initially filed a decision adopting the magistrate's decision on February 2, 2017. Appellant filed an appeal of that decision to this court, as well as a motion in the probate court for relief from judgment contesting the probate court's finding that no transcript had been filed. This court granted appellant's motion to remand in order for the probate court to resolve the Civ.R. 60(B) matter. The probate court granted appellant relief, pursuant to Civ.R. 60(B)(1), and undertook "a new de novo review" of the matter and objections. (May 10, 2017 Jgmt. Entry at 3.)

statutory procedures to properly execute such a sale were completed by the heirs. Specifically:

> [N]o sale by consent of the heirs was completed and filed for record pursuant to R.C. 2127.011, no complaint was filed to sell the real estate to pay debts pursuant to R.C. 2127.02, nor was the sale made for the payment of legacies under R.C. 2127.03, no complaint was filed under R.C. 2127.04 for the sale of real estate with consent of a majority of the parties.

(May 10, 2017 Jgmt. Entry at 8.) Therefore, the probate court found the purported transfer of the property by settlement agreement to be a void transfer as a matter of law and ordered appellant to convey title to the property to the estate of Calvert Porter and sold to pay estate bills, including the debt owed Wasserman. The probate court found holding Wasserman responsible for appellant's breach of fiduciary duties to be unreasonable, and ordering appellant to pay Wasserman's attorney fees did not violate bankruptcy law. Regarding Western Surety's objections, the probate court found Western Surety liable due to appellant's breach of her fiduciary duties by distributing estate assets and failing to pay court-ordered attorney fees. However, the probate court found that the nature and extent of Western Surety's liability could not be yet assessed prior to sale of the property.

{¶ 7} Appellant filed a timely appeal to this court.

## II. ASSIGNMENTS OF ERROR

{¶ 8} Appellant presents two assignments of error:

> [1.] The probate court erred because the decision ordering appellant to convey "Parcel One" back to the estate is against the manifest weight of the evidence.
>
> [2.] The probate court erred because holding appellant solely liable for failure to pay attorney fees is against the manifest weight of the evidence.

## III. STANDARD OF REVIEW

{¶ 9} Generally, when objections to a magistrate's decision are filed, a trial court undertakes a de novo review of the magistrate's decision. *In re Estate of Klie*, 10th Dist. No. 16AP-77, 2017-Ohio-487, ¶ 7, citing *McNeilan v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 10AP-472, 2011-Ohio-678, ¶ 19. A probate court's decision to adopt a

magistrate's decision regarding an estate is ordinarily reviewed on appeal for an abuse of discretion.  *Klie* at ¶ 9.  However, where the issue appealed involves a question of law, an appellate court employs a de novo standard of review.  *Severing v. Severing*, 10th Dist. No. 15AP-8, 2015-Ohio-5236, ¶ 9; *see also Klie* at ¶ 32-34.

## IV.  DISCUSSION

### A.  First Assignment of Error

{¶ 10} Under the first assignment of error, appellant contends that the probate court erred by ordering appellant to convey the property back to the estate.  For the following reasons, we disagree.

{¶ 11} First, appellant argues the probate court could not invalidate a transfer of real property it had approved in the past, as that previous decision (the settlement agreement) became "law of the case" that is binding on all parties.  (Appellant's Brief at 12.)  Essentially, according to appellant, regardless of whether the settlement agreement should have been approved in 2007 or is authorized by law, the fact that it was approved and relied on by the parties barred the probate court from declaring transfers under the settlement agreement void.

{¶ 12} "The law-of-the-case doctrine requires a court to follow rulings on issues previously resolved within the same case."  *Reid v. Cleveland Police Dept.*, ___ Ohio St.3d ___, 2017-Ohio-7527, ¶ 11.  In most applications, the law-of-the-case doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.  *State ex rel. Keith v. Gaul*, 147 Ohio St.3d 270, 2016-Ohio-5566, ¶ 14.  This court has noted that the law-of-the-case doctrine is not necessarily limited to the determinations of a reviewing court on appeal.  *Klaus v. Klosterman*, 10th Dist. No. 16AP-273, 2016-Ohio-8349, ¶ 11, 15 (noting this court's prior case, *Clymer v. Clymer*, 10th Dist. No. 95APF02-239 (Sept. 26, 1995), "extended [the] law of the case doctrine to encompass a trial court's adherence to its own prior rulings in circumstances where a trial court ruling could have been appealed, but was not, with certain exceptions").  However, "the law of the case doctrine should not be taken to imply that a trial court can never, under any circumstances, reconsider its prior ruling. * * * Additional evidence, prior error or a

change in circumstances might well argue against blind adherence to a prior ruling." *Clymer.*

{¶ 13} Appellant's argument is unpersuasive for two main reasons. First, because the settlement agreement and approval did not eliminate appellant's obligation to execute the transfer of the property in line with probate laws, the law-of-the-case doctrine is irrelevant. The probate court approved the joint application to settle claims, expressly providing that the co-administrators had "authority to perform all acts necessary to effectuate the compromise and settlement, including the execution of such agreement and the execution of all related documents and the performance of all related acts in connection therewith." (Apr. 16, 2007 Entry at 1.)

{¶ 14} As argued by Western Surety, "performance of all related acts in connection" with the settlement necessarily includes effectuating the transfer of the property in line with applicable probate statutes in order for the transfer to be proper under those laws. (Emphasis omitted.) (Appellee's Brief at 6.) R.C. 2127.01, in pertinent part, requires all proceedings for the sale of lands by an administrator to be filed in accordance with R.C. 2127.01 to 2127.43. The probate court outlined several statutory means for an administrator to cause a transfer of real property. Under R.C. 2127.011, an administrator can dispose of real property by consent of all heirs; under this method, "each consent * * * shall be filed in the probate court." R.C. 2127.011(A)(1). Under R.C. 2127.02, 2127.03, and 2127.05, the administrator is obligated to commence actions in the probate court to sell real property of the estate where the administrator ascertains that the personal property of the estate is insufficient to pay all debts of the decedent, where in certain situations legacies require payment, or where the majority of persons entitled to share in the estate request and consent to the sale. Appellant does not dispute that she did not act to execute the transfer of the property in accordance with probate law. Under these facts, the law-of-the-case doctrine does nothing to change the deficient statutory execution of the transfer.

{¶ 15} Second, as noted above, even if the law-of-the-case doctrine is implicated, it is not a complete bar to the probate court to correct a prior error. *Clymer.* Under R.C. 2101.24(A)(1)(i), a probate court has jurisdiction to "authorize the sale of lands, equitable estates, or interests in lands or equitable estates, and the assignments of inchoate dower

in such cases of sale, on petition by executors, administrators, and guardians." As previously stated, administrators are bound to execute the sale of real property in accordance with probate statutes. R.C. 2127.01. For sake of argument, if the probate court approved the transfer of the property in the settlement agreement without expectation that further statutorily required procedures must be met, this action contradicts statute. *State ex rel. Sladoje v. Belskis*, 149 Ohio App.3d 190, 2002-Ohio-4505, ¶ 12 (10th Dist.) ("Probate courts are courts of limited jurisdiction and probate proceedings are limited to such actions as are permitted by statute and the Ohio Constitution."); *Corron v. Corron*, 40 Ohio St.3d 75, 77 (1988); R.C. 2101.24(C). In such a case, in the face of an error as a matter of law, the law-of-the-case doctrine does not act as a complete bar to the probate court's later determination that the errant transfer was void. *Clymer.*

{¶ 16} Under this assignment of error, appellant also asserts that if the probate court had authority to invalidate the transfer of real property, it did not issue an appropriate remedy for the past error. Specifically, appellant contends the remedy was incomplete and unfair because appellant only received a part of the original property and the remainder of the original parcel remains with Saleh, and because the co-administrator received $40,000 through the settlement agreement that was never ordered returned to the estate. Essentially, appellant is arguing for us to invalidate the entire settlement agreement.

{¶ 17} We first note that the settlement agreement contains a severability clause whereby if any term contained in the agreement is determined to be invalid or void, the remainder of the agreement remains valid and enforceable. Second, the core issue to resolve this appeal is whether *appellant* distributed estate assets and a debt of the estate remained unpaid. Other aspects of the settlement agreement, which the probate court left untouched, are not determinative to this core issue. Third, in her two final fiduciary accounts submitted to the probate court, appellant did not list either the property remaining with Saleh or the $40,000 settlement payment to her co-administrator as a receipt or asset of the estate or a distribution from the estate. Appellant is now attempting, for the first time on appeal, to include both items as part of the estate. We decline to address this issue in the first instance. *Tucker v. Leadership Academy for*

*Math*, 10th Dist. No. 14AP-100, 2014-Ohio-3307, ¶ 20; *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 18.

{¶ 18} Accordingly, appellant's first assignment of error is overruled.

**B.  Second Assignment of Error**

{¶ 19} Under the second assignment of error, appellant contends the trial court erred by "holding appellant solely liable for failure to pay attorney fees."   (Appellant's Brief at 1.)  For the following reasons, we disagree.

{¶ 20} Appellant first argues that she did not breach her fiduciary duty in this case because the original conveyance by Imogene Porter was made prior to appellant becoming an estate administrator.  We agree with the trial court that the original illegal transfer by a prior executor has no bearing on whether appellant later breached her fiduciary duty as an estate administrator.

{¶ 21} Appellant next argues she did not breach her fiduciary duty in this case because the later transfer of property to appellant under the settlement agreement was made with approval of the probate court and Wasserman.  Relatedly, appellant contends that if appellant breached her fiduciary duty, it was not reasonable to not hold Wasserman at least partially liable.

{¶ 22} Appellant does not contest the general concept that an administrator of an estate who distributes assets of the estate and leaves debts of the estate unpaid breaches his or her fiduciary duty and may be held liable to a creditor of the estate.  We note that approval of the settlement agreement occurred in 2007.  Wasserman resigned as appellant's attorney in November 2010, nearly five years prior to appellant filing her final fiduciary account in June 2015.  It is undisputed that appellant's final fiduciary account listed distributions to appellant, and the estate still owes Wasserman $49,875.73 in attorney fees.  In these circumstances, we do not agree that the trial court abused its discretion in finding that appellant breached her fiduciary duty despite the probate court and Wasserman's prior approval of the settlement agreement in 2007.  We likewise do not agree that on this record the probate court abused its discretion in not holding Wasserman liable for any breach committed by appellant.

{¶ 23} Appellant additionally discusses that the final distribution of settlement proceeds from a separate malpractice action includes attorney fees.  Appellant's argument

in this regard is unclear. As discussed above, neither party objected to the magistrate's findings of fact, which included the fact that $49,875.73 in attorney fees were owed to Wasserman by the estate. We cannot discern how distributions from the malpractice settlement proceeds to pay some portion of attorney fees disposes of the issue here. As such, appellant has not met her burden to prove error on appeal. *Miller v. Johnson & Angelo*, 10th Dist. No. 01AP-1210, 2002-Ohio-3681, ¶ 2 ("The burden of affirmatively demonstrating error on appeal rests with the [appellant]."); *see also* App.R. 16(A)(7).

{¶ 24} Appellant next asserts that "bankruptcy law protected Appellant from being required to transfer property to the estate to be sold to pay estate debts." (Appellant's Brief at 1.) We first note appellant's thread-bare mention of bankruptcy in her objections, without any explanation of how the order violates bankruptcy law, violates the specificity requirement of Civ.R. 53(D). Franklin Cty. Probate Div. Loc.R. 75.18 (requiring any objection to a magistrate's decision to comply with Civ.R. 53(D)(3)(b)); Civ.R. 53(D)(3)(b)(ii) ("An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection."); Civ.R. 53(D)(3)(b)(iv) (stating that failure to provide objection under rule constitutes waiver except for plain error); *In re A.V.*, 10th Dist. No. 05AP-789, 2006-Ohio-3149, ¶ 22 (holding that the failure to comply with the specificity requirements of Civ.R. 53 results in waiver of the issue).

{¶ 25} Regardless, appellant's argument as to bankruptcy law lacks merit. Appellant agrees that 11 U.S.C. 53 indicates that bankruptcy does not cancel debts owed due to fraud or defalcation (misappropriation of money) while acting in a fiduciary capacity. Moreover, the relief from stay obtained by Wasserman expressly permitted the probate court to determine whether the property at issue should be an asset of the estate. Wasserman obtained relief from the bankruptcy stay "for the limited purpose of the [probate court] to consider the final account in the [estate of Calvert Porter] and any objections related thereto, including whether the real estate location at 1444 Moler Road, Columbus, Ohio 43207 was properly conveyed to [appellant] and remains subject to Probate Court jurisdiction" and was further granted relief to pursue her rights against the surety. (June 17, 2016 Order Granting Mot. of Susan Wasserman for Relief from Stay at 2.) Considering the above, we disagree that the trial court erred in regard to appellant's contentions on bankruptcy law.

{¶ 26} Finally, appellant argues that appellant's former co-administrator should be held as liable as appellant for non-payment of attorney fees.  " ' "Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed." ' " *Klie* at ¶ 10, quoting *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 81 (1997), quoting *Goldberg v. Indus. Comm.*, 131 Ohio St. 399, 404 (1936). Appellant did not raise this issue in her objections to the magistrate's decision, the trial court did not address the issue, and appellant has not argued plain error.  We decline to address this issue for the first time on appeal.  *In re A.L.D.*, 10th Dist. No. 08AP-238, 2008-Ohio-3626, ¶ 18; *A.V.* at ¶ 22; *In re A.R.*, 12th Dist. No. CA2015-08-143, 2016-Ohio-4919, ¶ 32-33.   We further note whether appellant has remedies against her co-administrator is not at issue in this appeal.

{¶ 27} Accordingly, appellant's second assignment of error is overruled.

## V.  CONCLUSION

{¶ 28} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Probate Division.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.

_____