[Cite as *Gasper v. Adkins*, 2018-Ohio-3941.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Christopher Gasper, Guardian of the Estate of Diantha Adkins, Incompetent, | : | |
| | : | |
| Plaintiff-Appellee, | : | No. 17AP-294 |
| | : | (Prob. No. 576852A) |
| v. | : | (REGULAR CALENDAR) |
| Diantha Adkins, Ward et al., | : | |
| Defendants-Appellees, | : | |
| [Carrington Mortgage Services, LLC, | : | |
| Defendant-Appellant.] | : | |
| | : | |

D E C I S I O N

Rendered on September 27, 2018

**On brief**: *Kincaid, Randall & Craine*, and *Kevin A. Craine*, for appellee Christopher Gasper, Guardian of the Estate of Diantha Adkins, Incompetent. **Argued**: *Kevin A. Craine*.

**On brief**: *Maurice Wutscher LLP*, and *Kevin M. Hudspeth*; *Ernest P. Wagner*, for appellant. **Argued**: *Ernest P. Wagner*.

APPEAL from the Franklin County Court of Common Pleas, Probate Division

BROWN, P.J.

{¶ 1} This is an appeal by defendant-appellant, Carrington Mortgage Services, LLC, from entries of the Franklin County Court of Common Pleas, Probate Division ("the probate court"), overruling appellant's objections to a magistrate's decision and finding the sale of a ward's property by a guardian to be necessary.

{¶ 2}   Diantha Adkins (hereafter "Adkins" or "the ward") is the owner of property located at 2400 Altenburg Court, Grove City.  On March 31, 2009, Adkins obtained a mortgage loan on the property.  On February 5, 2016, plaintiff-appellee, Christopher Gasper ("appellee" or "the guardian"), initiated guardianship proceedings in the probate court.  On March 15, 2016, the probate court appointed appellee as guardian of the person and estate of Adkins.

{¶ 3}   On May 25, 2016, appellee filed a complaint naming various defendants and requesting the sale of the ward's real estate.  The complaint alleged Adkins held a 100 percent fee simple interest in the property.  One of the named defendants, Bank of America, N.A., filed an answer and asserted affirmative defenses including a claim it had assigned its interest in the mortgage to appellant.  On July 27, 2016, appellant filed a motion to intervene, claiming an interest in the subject property as the current mortgage holder.  On September 22, 2016, a magistrate of the probate court filed an order granting appellant's motion to intervene.

{¶ 4}   On November 23, 2016, appellee filed a motion requesting a hearing on a proposed entry finding sale of property necessary and ordering a sale.  By entry filed that same date, the probate court set a hearing date to consider the proposed entry.  On December 23, 2016, appellant objected to the sale of real estate requested by the guardian.  As part of the filings before the probate court, appellant submitted a payoff statement indicating the mortgage loan was in default as of October 1, 2014.

{¶ 5}   On January 13, 2017, a magistrate of the probate court conducted a hearing on the matter.  On January 19, 2017, the magistrate issued a decision finding the sale of the property was in the best interest of the ward and that retention of ownership of the subject real estate "jeopardizes her qualification for Medicaid benefits essential for payment of her needed care."  The magistrate further found that "conveyance of the property in a deed in lieu of foreclosure to defendant Carrington Mortgage Services is also in her best interest."  The magistrate thus authorized the guardian to obtain an appraisal of the subject property in preparation of its sale, pursuant to R.C. Chapter 2127 or, in the alternative, the magistrate authorized the guardian to execute a deed in lieu of foreclosure to appellant pursuant to R.C. 2111.50(B)(1).

{¶ 6} On February 2, 2017, appellant filed objections to the magistrate's decision. Specifically, appellant objected to the magistrate's finding that a public or private guardian sale was in the best interest of the ward. Appellant further objected to any authority set forth in the magistrate's decision allowing the guardian to conduct a public or private guardian sale of property rights exceeding those the ward possessed at the time the guardian filed the complaint.

{¶ 7} On March 27, 2017, the probate court filed a judgment entry overruling appellant's objections and adopting the magistrate's decision of January 19, 2017. On March 29, 2017, the probate court filed an entry finding the sale necessary, waiving a new appraisal and additional bond, and ordering the sale of the property.

{¶ 8} On appeal, appellant sets forth the following assignment of error for this court's review:

> Whether the Probate Court erred by authorizing the Guardian
> to sell the ward's real property free and clear of Carrington's
> mortgage lien without Carrington's consent.

{¶ 9} Under its single assignment of error, appellant challenges the probate court's entries adopting the magistrate's decision and authorizing the guardian to sell the subject property. Appellant first contends the guardian could only sell the ward's interest in the property as it existed when the complaint was filed. More specifically, appellant argues that, because the ward defaulted on her mortgage loan prior to the time of the filing of the complaint, the guardian could only transfer to a purchaser the ward's equitable right to redeem the mortgage.

{¶ 10} In general, "when objections to a magistrate's decision are filed, a trial court undertakes a de novo review of the magistrate's decision." *In re Estate of Klie*, 10th Dist. No. 16AP-77, 2017-Ohio-487, ¶ 7. A probate court's decision adopting a magistrate's decision "is ordinarily reviewed on appeal for an abuse of discretion." *In re Estate of Porter,* 10th Dist. No. 17AP-414, 2017-Ohio-8840, ¶ 9. However, as to issues on appeal that involve a "question of law, an appellate court employs a de novo standard of review." *Id.*

{¶ 11} R.C. Chapter 2127 governs land sales by executors, administrators, and guardians, and R.C. 2127.05 states in part as follows:

> Whenever necessary for the education, support, or the payment of the just debts of the ward, or for the discharge of liens on the real property of the ward, whenever the real property of the ward is suffering unavoidable waste, or a better investment of its value can be made, or whenever it appears that a sale of the real property will be for the benefit of the ward or the ward's children, the guardian of the person and estate * * * may commence a civil action in the probate court for authority to sell all or any part of the real property of the ward.

{¶ 12} In accordance with R.C. 2127.05, a guardian seeking to sell real estate must file a "civil action asking the Probate Court for authority to sell the ward's realty." *In re Rice,* 7th Dist. No. 00 CO 33 (Feb. 13, 2001). Upon commencement of an action, the complaint and summons are served on all "interested parties, such as lien holders." *Mangan v. Mangan,* 1st Dist. No. C-990094 (Oct. 1, 1999), citing R.C. 2127.12, 2127.14, and 2127.15. A party who has been made a defendant to such action "may object to the sale of the decedent's real property by filing an action." *Id.,* citing R.C. 2127.17. The probate court is authorized "to determine whether the sale of the property is in the best interests of all parties concerned." *Id.,* citing R.C. 2127.29. Upon determination that a sale is necessary, the probate court "may order either a public or a private sale of the real property." *Id.,* citing R.C. 2127.32.

{¶ 13} As noted under the facts, the guardian in the instant case filed a complaint with the probate court to sell real estate of the ward, pursuant to R.C. 2127.05, and appellant subsequently objected to a sale. Following a hearing, a magistrate of the probate court determined a sale of the property was in the best interest of the ward finding the ward's retention of the ownership in the real estate would jeopardize her qualification for Medicaid benefits essential for her care.

{¶ 14} In its objections to the magistrate's decision, appellant argued Ohio law dictates that legal title of mortgaged property, as between the mortgagor and mortgagee, transfers to the mortgagee immediately upon the mortgagor's default; further, that the mortgagor holds only an equitable interest of redemption until the default is cured. Appellant thus argued that, because the ward was in default of the mortgage obligation prior to the time of the filing of the complaint to sell the real estate, the guardian could

only request authority to sell the ward's existing property interest (i.e., according to appellant, the equitable right to redeem the mortgage).

{¶ 15} The probate court addressed and rejected appellant's argument, holding in part:

> It is true that legal and equitable title to mortgaged real estate remains in the mortgagor as long as the condition of the mortgage remains unbroken, but that after condition is broken, legal title as between the mortgagee and mortgagor is vested in the mortgagee subject to the equity of redemption. *Hausman v. Dayton,* 73 Ohio St.3d 671 (1995). The problem with [appellant's] argument is not that they misstate the law but that they totally misapply it and fail to apply the proper understanding and meaning to the law relevant to this matter. Until a mortgage is foreclosed and a sale consummated, or until a mortgagee obtains possession by ejectment proceedings, the fee to mortgaged real estate remains in the mortgagor. See *Levin v. Carney*, 161 Ohio St. 513 (1954). Consequently, when a mortgagor defaults on the mortgage, legal title passes to the mortgagee ***only as between the mortgagor and the mortgagee***. *Hausman * * *.* This limiting language is most significant because as to the rest of the world, title remains in the mortgagor until the mortgagee forecloses on the mortgage and the sale consummated, the mortgagee recovers possession [on] the property by ejectment proceedings, or the mortgagee otherwise extinguishes the right of the mortgagor to redeem.

(Emphasis sic.) (Mar. 27, 2017 Jgmt. Entry at 8-9.)

{¶ 16} Applying the authorities cited above, the probate court held that, as between appellant and the ward, upon the ward's default, legal title passed to appellant "subject to [the ward's] equitable right of redemption. However, as between [the ward] and the rest of the world which would include a purchaser of this real estate, [the ward] retains both legal and equitable fee ownership." Further, noting that "both legal and equitable ownership stay with the mortgagor until the real estate is foreclosed and sale consummated which has not occurred in this case," the probate court concluded that, as between the ward "and a potential purchaser of this real estate [the ward] does hold both equitable and legal title to the real estate and may pass such title through a guardian sale pursuant to R.C. 2127.05."

{¶ 17} In its decision, the probate court relied primarily on two Supreme Court of Ohio decisions, *Levin v. Carney,* 161 Ohio St. 513 (1954), and *Hausman v. Dayton,* 73 Ohio St.3d 671 (1995). The Supreme Court in *Levin,* characterizing a mortgage of real property as "a mere security for a debt," held that "[t]he legal and equitable title to mortgaged real estate remains in the mortgagor so long as the condition of the mortgage remains unbroken," but that after such condition is broken "the legal title as between the mortgagee and mortgagor is vested in the mortgagee, subject to the equity of redemption." *Id.* at 520. The court further held that "until a mortgage is foreclosed and a sale consummated, or until a mortgagee obtains possession by ejectment proceedings, the fee to mortgaged real estate * * * remains in the mortgagor." *Id.*

{¶ 18} The Supreme Court in *Hausman,* in following its holding in *Levin,* held in part: "After a mortgagor defaults, legal title passes to the mortgagee only as between the mortgagor and the mortgagee." *Id.* at paragraph one of the syllabus. However, "[a]s to the rest of the world, title remains in the mortgagor until the mortgagee forecloses on the mortgage and the sale is consummated, the mortgagee recovers possession of the property by ejectment proceedings, or the mortgagee otherwise extinguishes the right of the mortgagor to redeem." *Id.*

{¶ 19} Upon review, we conclude the probate court correctly determined the fee remained in the ward at the time of the filing of the complaint. Under Ohio law, a mortgage "merely secures the payment of a debt by creating a lien." *Adams v. Bankers Trust Co.,* 2d Dist. No. 25703, 2014-Ohio-231, ¶ 5 (distinguishing between a mortgage interest and an ownership interest, and noting that a mortgage "does not transfer ownership to the mortgage holder"). Here, the probate court, applying *Levin* and *Hausman,* and noting that a foreclosure and sale "has not occurred in this case," properly recognized that, upon default, legal title passes to the mortgagee (appellant) only as between the mortgagor and mortgagee (subject to the equitable right of redemption), but that as to the rest of the world, even upon default, legal title remains in the mortgagor (the ward) until the mortgagee forecloses and the sale is consummated, the mortgagee recovers possession by ejectment proceedings, or the mortgagee otherwise extinguishes the right of the mortgagor to redeem. *Hausman* at paragraph one of the syllabus. *See also Stand Energy Corp. v. Epler,* 163 Ohio App.3d 354, 2005-Ohio-4820 ¶ 13 (10th

Dist.), citing *Hausman* at 675-76 ("in Ohio, a mortgage is merely a security for a debt, and the legal and equitable title to the property remains in the mortgagor until the mortgage is foreclosed and a sale consummated, or until a mortgagee otherwise extinguishes the right of the mortgagor to redeem").  Upon review, we conclude the probate court did not err in rejecting appellant's contention that the ward was divested of legal ownership at the time the guardian filed the complaint seeking authority to sell the ward's real estate.

{¶ 20} Appellant next contends the probate court could only authorize the sale of mortgaged land with the mortgagee's consent based on the language of R.C. 2127.20, which states: "The probate court, with the consent of the mortgagee, may authorize the sale of lands subject to mortgage, but the giving of any such consent shall release the estate of the decedent or ward should a deficit later appear."  According to appellant's interpretation of R.C. 2127.20, the mortgagee retains the same rights with respect to a guardian's attempts to sell the property as it had with the ward, including the right to refuse to consent to any sale.

{¶ 21} We note that appellant's argument involves issues not raised in its objections to the magistrate's decision.  Specifically, nowhere in its objections before the probate court does appellant argue the mortgagee's "consent" was required prior to the probate court's order of sale.

{¶ 22} In general, "by failing to raise an issue to the trial court, an appellant forfeits that issue on appeal." *Bahgat v. Kissling,* 10th Dist. No. 17AP-641, 2018-Ohio-2317, ¶ 32. It is, however, "within the appellate court's discretion to consider forfeited issues for plain error." *Id.*  Further, "except for a claim of plain error, a party may not assign as error on appeal the trial court's adoption of any finding of fact or legal conclusion unless the party has objected to that finding." *Id.,* citing Civ.R. 53(D)(3)(b)(iv).[1]  In applying the doctrine of plain error "in a civil case, 'reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice.' " *Woods Cove III, L.L.C. v. Am. Guar. Mgt. Co., L.L.C.*, 8th Dist. No. 105494, 2018-Ohio-

---

[1] Civ.R. 53(D)(3)(b)(iv) states: "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

1829, ¶ 24, quoting *Glendell-Grant v. Grant*, 8th Dist. No. 105895, 2018-Ohio-1094, ¶ 17, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). We further note that appellant does not argue plain error on appeal, i.e., appellant does not acknowledge failure to raise the issue of "consent" in its objections before the probate court.

{¶ 23} Appellant argues before this court that a review of certain provisions of R.C. Chapter 2127 (i.e., R.C. 2127.18 through 2127.20) makes clear a probate court is not authorized to allow guardians to sell mortgaged property where the mortgagee does not consent to the sale. In response to appellant's argument, appellee contends appellant's interpretation of R.C. 2127.20 is erroneous and that consent is only at issue where the guardian seeks to sell the property to a purchaser subject to the existing mortgage.

{¶ 24} Several provisions of R.C. Chapter 2127 address the probate court's authority with respect to a sale. R.C. 2127.18 provides for the probate court to "determine the equities among the parties and the priorities of lien of the several lien holders on the real estate, and order a distribution of the money arising from the sale in accordance with its determination." R.C. 2127.19 addresses the release of liens and satisfaction of all mortgages, and states in part: "When an action to obtain authority to sell real estate is determined by the probate court, the probate judge shall make the necessary order for an entry of release and satisfaction of all mortgages and other liens upon the real estate except the mortgage that is assumed by the purchaser." As previously cited, R.C. 2127.20 provides that the probate court, with consent of the mortgagee, may authorize the sale of lands "subject to" mortgage, but that the giving of such consent shall release the ward should a deficit later appear. R.C. 2127.38 provides for the distribution of the proceeds of the sale of real estate by an executor or guardian, and that provision "sets forth the priority given to judgment liens from sale proceeds." *In re Estate of Durr,* 11th Dist. No. 92-P-0029 (Sept. 30, 1992). Further, where an executor or guardian sells real estate for the payment of debts, "judgment liens and mortgages * * * must be paid from the proceeds of the sale prior to the application of such proceeds to the payment of other claims and debts of the estate, except for the payment of costs and expenses in the sale and administration." *Id.*

{¶ 25} Based on a review of the relevant statutory provisions, we agree with appellee that, in context, R.C. 2127.20 appears directed to a situation where a guardian

seeks to sell the property "subject to" the existing mortgage (i.e., where a purchaser steps into the shoes of the mortgagor and continues payment of the loan obligation originally executed between the mortgagor and mortgagee), and the consent of the mortgagee acts as a release of the ward should a deficit later appear. As further argued by appellee, under such interpretation, the probate court would not need the mortgagee's consent to authorize the sale of real estate where the purchaser is not taking title to the real estate subject to the mortgage lien present on the property. As set forth above, R.C. 2127.19 provides for the probate court to make the necessary order for an entry of release and satisfaction of "all mortgages." Accordingly, we find unpersuasive appellant's contention that the provisions of R.C. Chapter 2127 unambiguously prevent the probate court from authorizing the guardian to sell real estate of the ward in the absence of consent.

{¶ 26} Appellant further contends the probate court improperly authorized the sale because it was not in the best interest of the ward and would cause her harm. According to appellant, the evidence indicates the guardian's sale will not produce surplus funds for the ward's care.

{¶ 27} The probate court addressed and rejected appellant's argument on this issue, holding in part:

> [The ward] is not harmed by a sale even if the sale results in an amount insufficient to pay all of the debts because whatever proceeds are in existence will be used to pay costs and expenses of sale first, then taxes and assessments, then whatever is left to the lien holder or holders. R.C. 2127.19 provides for the discharge of the mortgage after disbursements are correctly made in accordance with R.C. 2127.38. In this case, the amount of sale proceeds paid to [the ward] will be irrelevant. As for the argument that [the ward] is damaged because she will have no proceeds from sale for her care, just the opposite is true. Sale of the property will allow [the ward] to qualify for Medicaid benefits which she needs for her care.

(Mar. 27, 2017 Jgmt. Entry at 7.)

{¶ 28} During the hearing before the magistrate, the guardian testified that the ward was currently residing at a nursing care facility, and that she has "been on Medicaid * * * since July or August of last year." (Tr. at 10.) The guardian further testified: "I do not believe she will be able to return to her home." (Tr. at 10.) The guardian represented

the ward was unable to pay the real estate taxes or insure the property, and that ownership of the property would jeopardize her continued qualification for Medicaid.

{¶ 29} As noted, R.C. 2127.05 provides that a guardian may commence an action to sell the property of the ward when necessary for the "support, or the payment of the just debts of the ward," for "the discharge of liens on the real property of the ward," whenever the ward's property "is suffering unavoidable waste, or a better investment of its value can be made," or "whenever it appears that a sale of the real property will be for the benefit of the ward or the ward's children."  Here, the probate court found the sale would be in the best interest of the ward, and we conclude the record supports the probate court's determination that the ward's continued eligibility for Medicaid constituted a benefit to her in accordance with R.C. 2127.05.  Accordingly, appellant has failed to show the probate court abused its discretion in finding the sale of the real estate to be in the ward's best interest.

{¶ 30} Upon review of the record, we find the probate court did not err in overruling appellant's objections to the magistrate's decision and in ordering the sale of the ward's property.  Based on the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Probate Division, is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER, J., concurs.
DORRIAN, J., concurs in judgment only.

_____